promissory note, where the execution thereof was denied by defendants and there was evidence tending to show that defendants had ratified the execution by acknowledging the same and by receiving the benefits from the proceeds thereof, *held* that instructions given for defendants which ignored the issue of ratification were clearly erroneous.

---

## Kingan & Company, Ltd., Appellant, v. P. J. Breen, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by Kingan & Company Ltd., against P. J. Breen to recover an account of $116.57 and accrued interest.

From a judgment upon a verdict for defendant, plaintiff appeals.

STEWART W. KINCAID, for appellant.

DYAS & DYAS and O'HAIR & RHOADS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

PRINCIPAL AND AGENT, § 9*—*estoppel to deny authority to collect.* Where it appeared that defendant had been a regular customer, placing his orders through plaintiff's traveling salesman substan-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tially every two weeks for four or five years, and during that period had purchased from plaintiff meats and lards to the amount of about $10,000, and that during the last two years his purchases from plaintiff had amounted to about $2,700 annually, and the salesman had collected substantially all of the money for plaintiff, *held* plaintiff, having recognized and ratified the acts of its salesman in collecting accounts for so many years and for so large amounts, was not in a position to deny the authority of his agency to collect the item in question, upon defendant's plea of payment.

SCHOLFIELD, J., took no part in the consideration of this case.

### Corn Belt Bank, Defendant in Error, v. W. H. Fisher et al., Plaintiffs in Error.

1. MORTGAGES, § 504*—*requisite proof on bill taken pro confesso.* Where a decree of foreclosure and for a deficiency is entered *pro confesso* upon default, such decree if warranted by the averments of the bill is unassailable, there being no need of any evidence, as the finding of the court as to facts is conclusive.

2. MORTGAGES, § 504*—*effect of decree pro confesso.* Upon the prosecution of a writ of error to reverse a deficiency decree entered against subsequent grantees of mortgaged premises, where the averments in the bill of foreclosure were sufficient to support the decree and defendants permitted the cause to go by default so that a decree *pro confesso* was taken against them, *held* that they were concluded from questioning its correctness.

Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 16, 1914.

DEMANGE, GILLESPIE & DEMANGE, WELTY, STERLING & WHITMORE and JAMES F. CLARK, for plaintiffs in error.

H. A. BAILEY, for defendant in error.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.